United States District Court
Southern District of Texas
FILED

MAY 21 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
May 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PEDRO ALVARADO, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-0347 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION

Petitioner PEDRO ALVARADO, USM No. 16458-379, is a federal inmate confined by the Bureau of Prisons at the Federal Correctional Institute in Beaumont, Texas ("FCI Beaumont"). Pending is his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. No. 1). Petitioner challenges his conviction for unlawful use of a firearm during and in relation to a crime of violence, arguing that it has been invalidated by recent Supreme Court precedent, namely, *United States v. Davis*, 139 S. Ct. 2319 (2019). (Dkt. No. 1-2 at 1). The pleadings in this case are identical to a second or successive motion for relief under 28 U.S.C. § 2255(h) filed by Petitioner and pending in his underlying criminal case, *United States v. Alvarado*, 7:12-CR-1136-1 (the "Criminal Case") (Cr. Dkt. No. 687),[1] and a separate civil action, *Alvarado v. United States*, 7:20-CV-0321 (the "Section 2255 Case").

The Government has filed a Motion to Dismiss for Lack of Jurisdiction (the "Motion to Dismiss"). (Dkt. No. 6). The Government argues that the Petition should be construed as a § 2255 motion and dismissed because of Petitioner's failure to obtain permission from the Court of Appeals for the Fifth Circuit to file a second or successive motion. (*Id.* at 6-10). In the alternative,

---

[1] As used hereafter, "Cr. Dkt." is a citation to the entries in the Criminal Case.

the Government takes the position that, even if Petitioner's request for relief is construed as a § 2241 petition, dismissal for lack of jurisdiction is still warranted because Petitioner should have filed it in the district of his incarceration. (*Id.* at 10-12).

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After a review of the record and relevant law, the undersigned Magistrate Judge respectfully RECOMMENDS that the Petition (Dkt. No. 1) be DENIED for want of jurisdiction, that the Motion to Dismiss (Dkt. No. 6) be GRANTED, that this case be DISMISSED *without* prejudice to re-filing the Petition in a court of proper jurisdiction, and that this case be DISMISSED *with* prejudice as to the issue of this District Court's lack of jurisdiction.

## I. BACKGROUND AND PROCEDURAL HISTORY

On March 17, 2014, Petitioner was convicted by a jury of aggravated assault of a federal agent with a deadly weapon in violation of 18 U.S.C. § 111(a)(1), (b) and unlawful use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Cr. Dkt. 485 at 1). The convictions were based on a theory of aiding-and-abetting liability under 18 U.S.C. § 2. (*See id.*). Petitioner was sentenced to 120 months of imprisonment as to each count, to be run consecutively, for an aggregate term of 240 months. (*Id.* at 2).

After an unsuccessful direct appeal of his conviction (*see* Cr. Dkt. Nos. 587, 589 & 596), in March 2017, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising three claims of ineffective assistance of counsel (Cr. Dkt. No. 604). Petitioner then filed a motion seeking to amend his § 2255 motion to include a claim based on the above-referenced *Davis* case (Cr. Dkt. No. 645), which was decided after Petitioner's conviction and sentence. The Honorable Peter E. Ormsby, U.S. Magistrate Judge, issued a report recommending that Petitioner's ineffective assistance claims be denied as meritless (Cr. Dkt. No.

655 at 2, 16-42, 50) and that the motion to amend be denied as futile because the *Davis* claim was also meritless (*id.* at 2, 45-50). On March 31, 2020, the Honorable Ricardo H. Hinojosa, U.S. District Judge, adopted the report and dismissed the case. (Cr. Dkt. Nos. 661 & 662).

Despite being denied a certificate of appealability, Petitioner appealed to the Fifth Circuit (Cr. Dkt. No. 669), which appeal remains pending, *United States v. Alvarado*, No. 20-40361.

On October 6, 2020, Petitioner filed the pleadings in this case,[2] which included the following documents: (i) the Petition, consisting of a completed form petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1); and (ii) a type-written document entitled "Motion Pursuant to 28 U.S.C. 2255(h)" (the "Section 2255(h) Motion"), characterized as a second or successive motion for relief based on the *Davis* case (Dkt. No. 1-2).

Taking these pleadings, the Clerk of Court proceeded to open two separate actions. The Petition was filed as the lead document in the first of these, a miscellaneous action styled *Alvarado v. United States*, 7:20-MC-1186, and referred to the Honorable Juan F. Alanis, U.S. Magistrate Judge, for the processing of a $5 habeas filing fee or in forma pauperis application. The Section 2255(h) Motion was docketed as an attachment to the Petition. Upon Judge Alanis' issuance of an in forma pauperis order, the Clerk closed the miscellaneous action and opened the instant case, which was assigned at such time to Judge Hinojosa and referred to the undersigned for report and recommendation. The Petition was again docketed as the lead document (Dkt. No. 1), with the Section 2255(h) Motion attached thereto (Dkt. No. 1-2).

Contemporaneous to the opening of the miscellaneous action, the Clerk opened the Section 2255 Case, this time with the Section 2255(h) Motion docketed as the lead document and the

---

[2] This is the date on which Petitioner declares he placed the Petition in the prison mail system. (Dkt. No. 1 at 9). Pro se prisoner filings are governed by the mailbox rule, such that they are deemed filed as soon as they are deposited for mailing. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (per curiam).

Petition as an attachment. (Section 2255 Case, Dkt. Nos. 1 & 1-1). The filings were similarly docketed in the Criminal Case as well. (Cr. Dkt. Nos. 687 & 687-1). The Section 2255 Case was assigned to Judge Hinojosa and referred to Judge Ormsby.

More recently, the Government was ordered here to respond to the Petition. (Dkt. No. 4). The Government then filed the Motion to Dismiss. (Dkt. No. 6). Petitioner did not respond.

In the Section 2255 Case, Judge Ormsby ordered Petitioner to submit briefing as to the successive nature of the Section 2255(h) Motion.[3] (Section 2255 Case, Dkt. No. 2). Petitioner did not file anything by the ordered deadline. The Section 2255(h) Motion remains pending.

## II. SUMMARY OF THE PLEADINGS

The sole ground for relief raised through the Petition is based on the *Davis* case,[4] which Petitioner claims announced a new constitutional rule deemed retroactively applicable. (*See* Dkt. No. 1-2 at 1-2). In *Davis*, the Supreme Court held that the residual clause of the "crime of violence" definition at 18 U.S.C. § 924(c)(3)(B), prescribing heightened penalties for certain federal offenses, is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324-25, 2336. Although his argument is not entirely clear, Petitioner appears to claim that, because he was convicted of the firearms offense on an aiding and abetting theory, he must have been convicted under the now-defunct residual clause. (Dkt. No. 1-2 at 1-2). Therefore, Petitioner asks that the firearm conviction and associated 120-month sentence be overturned. (Dkt. No. 1 at 8). Petitioner raises the same ground in the Section 2255(h) Motion.[5]

---

[3] Judge Ormsby has since retired, and the Section 2255 Case has been referred to the Honorable Nadia S. Medrano, U.S. Magistrate Judge.

[4] Petitioner's pro se pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

[5] The Petition contains a section entitled "Grounds for Your Challenge in This Petition," which instructs the petitioner to "[s]tate every ground (reason) that supports your claim that you are being held in violation

## III. LEGAL STANDARDS

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Whereas a motion under § 2255 provides the primary means of collaterally attacking a federal conviction, a petition under § 2241 is normally used to attack the way in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). A petition under § 2241 is no substitute for a motion under § 2255, such that a § 2241 petition challenging the validity of a conviction must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.

There is, however, a limited exception to this general rule. A prisoner may use § 2241 as a vehicle for attacking a federal conviction only upon satisfying § 2255's so-called "savings clause" under subsection (e). *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). For the savings clause to apply, the § 2255 remedy must be shown to be "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e).

"[M]erely failing to succeed in a [§] 2255 motion does not establish the inadequacy or ineffectiveness of the [§] 2255 remedy." *Pack*, 218 F.3d at 453. Nor does the inability to meet § 2255(h)'s requirements for filing a second or successive motion for collateral relief. *Tolliver*, 211 F.3d at 878. Rather, the § 2255 remedy is inadequate or ineffective where—

> (1) the § 2241 petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first § 2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.

---

of the Constitution, laws, or treaties of the United States." (Dkt. No. 1 at 6). Under "Ground One" of that section, Petitioner writes in "See Motion Attached"—a clear reference to the Section 2255(h) Motion. (*See id.; see also* Dkt. No. 1-2).

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)) (quotations and brackets omitted). Unlike § 2255(h), a decision does not need to be deemed retroactively applicable by the Supreme Court for purposes of § 2255(e). *Id.* at 782-83. "[N]ew decisions interpreting federal statutes that substantially define criminal offenses automatically apply retroactively[.]" *Garland*, 615 F.3d at 396.

The proper forum in which to file a § 2241 petition is the district court embracing the petitioner's place of confinement. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014). The same applies for a non-traditional petition attacking the conviction that satisfies the savings clause. *Reyes-Requena v. United States*, 243 F.3d 893, 906 (5th Cir. 2001). Moreover, even if the savings clause is not ultimately satisfied, the Fifth Circuit has specifically held that "[o]nly the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause[.]" *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (per curiam) ("Hooker is entitled to a judicial determination whether he may proceed under § 2241, and that determination can only be made in the district where he is incarcerated.")); *see also Brito v. United States*, 419 F. App'x 435, 436 (5th Cir. 2011) (per curiam) (holding that because petitioner "was incarcerated in Oregon at the time he filed his § 2241 petition[,]" the district court "correctly determined that it lacked jurisdiction to consider [the] § 2241, including the issue of whether [petitioner's] claims [were] properly brought under § 2241 via the savings clause of [§ 2255]").

Where a § 2241 petition is filed in the wrong court, the proper remedy is to dismiss the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001) (holding that Northern District of Florida, where petitioner was incarcerated at time petition was filed, did not have discretion to transfer petition to Eastern District of Louisiana, where petitioner was originally sentenced, to

determine actual innocence); *Ramirez-Nieves v. United States*, 2015 WL 13388107, at *2 (S.D. Tex. July 2, 2015) (Ramos, M.J.), *report and recommendation adopted*, 2015 WL 13388194 (S.D. Tex. July 28, 2015) (Hinojosa, C.J.). Dismissal should be without prejudice as to the ability to re-file before the court of jurisdiction. *Ramirez-Nieves*, 2015 WL 13388107, at *2 (citing *Lee*, 244 F.3d at 375). The disposition of the matter of the sentencing court's jurisdiction over the § 2241 claims, however, is dismissal with prejudice. *Id.* (citing *Pack*, 218 F.3d at 454).

The Fifth Circuit has only deemed transfer proper where a § 2241 case is transferred together with the petitioner to a district other than the district in which the petition was originally filed and jurisdiction attached. *Griffin*, 751 F.3d at 289-91. Otherwise, some district courts will still consider whether it is in the interest of justice to transfer the case under 28 U.S.C. § 1631 to cure want of jurisdiction. *See, e.g., Ramirez-Nieves*, 2015 WL 13388107, at *2. It is not in the interest of justice to transfer a clearly meritless case. *See id.* ("[C]onsidering that [the] AEDPA's statute of limitations does not apply here . . . , and in light of the fact that Movant has not exhausted his administrative remedies in all likelihood, among other considerations, the interest of justice does not support a transfer of this case to the proper federal district—for example, to cure the jurisdictional problem." (internal citation omitted)); *see also Mendez v. United States*, 2017 WL 4221146, at *3 n.4 (S.D. Tex. Aug. 23, 2017) (Ormsby, M.J.) (citing *Chandler v. Commander, Army Fin. & Acc. Ctr.*, 863 F.2d 13, 15 (5th Cir.1989)), *report and recommendation adopted*, 2017 WL 4180156 (S.D. Tex. Sept. 21, 2017) (Alvarez, J.); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("[A] court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.").

## IV. ANALYSIS

As a threshold matter, the undersigned does not agree with the Government that the Petition should be dismissed as a second or successive § 2255 motion. Given the circumstances, Petitioner seemingly meant to file the Petition and the Section 2255(h) Motion as separate procedural vehicles for relief. While Petitioner may have done so simply because he was unsure of which vehicle was proper, § 2255's savings clause contemplates the filing of a § 2241 petition where a § 2255 motion would be inadequate or ineffective to attack the conviction, and Petitioner does appear to argue for such inadequacy based on the retroactivity of the *Davis* case. Whether this District Court has the jurisdiction to address inadequacy, however, presents a different question—one that is dispositive of this action.

Again, it is only the custodial court who may consider a prisoner's request to proceed under § 2241 via the § 2255 savings clause. At the time of filing here, Petitioner was being held at FCI Beaumont, which is in the Beaumont Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(2). The Petition is subject, therefore, to dismissal for lack of jurisdiction.

Moreover, the interests of justice do not call for a transfer—were one to be considered—because the *Davis* claim raised in the Petition is meritless for the reasons detailed in the report by Judge Ormsby on Petitioner's first § 2255 motion. (Cr. Dkt. No. 655 at 45-50; Cr. Dkt. No. 661).

## V. CONCLUSION

### *Recommended Disposition*

After a review of the record and relevant law, the undersigned Magistrate Judge respectfully RECOMMENDS that the Petition (Dkt. No. 1) be DENIED for want of jurisdiction, that the Motion to Dismiss (Dkt. No. 6) be GRANTED, that this case be DISMISSED *without*

prejudice to re-filing the Petition in a court of proper jurisdiction, and that this case be DISMISSED *with* prejudice as to the issue of this District Court's lack of jurisdiction.[6]

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this document to the parties by any receipted means.

DONE at McAllen, Texas this 21st day of May 2021.

J. SCOTT HACKER
United States Magistrate Judge

---

[6] The undersigned makes no recommendation as to the issuance of a certificate of appealability, as one is not required to appeal a § 2241 case. *Montano v. Texas*, 867 F.3d 540, 547 n.8 (5th Cir. 2017).